# Denning v. Davis.

## Action of Detinue.

1. *Demurrer; when ruling as to, need not be considered.*—The appellate court need not determine whether or not a demurrer to an unnecessary special plea was properly overruled, when it is apparent from the record that all the rights and defenses arising were tried under the special plea of the general issue.

[Denning v. Davis.]

2. *Evidence in relation to mortgage not produced; admission of; when not ground for reversal.*—Where a witness, testifying as to matters material to the issue, mentions a mortgage as having been executed by him to a third person, but which mortgage in no way affects the rights of the parties to the suit, and the evidence in relation to it is not objected to as irrelevant, it is not ground of reversal that the court overruled a motion to exclude the evidence because "the mortgage is not produced or accounted for."

3. *Lost mortgage; certified copy of record; when admissible as evidence.* Where the execution, contents, and acknowledgment of a mortgage are shown; proof that the mortgagee, after search among his papers, could not find it; that it had been left with a lawyer for collection, since which he has never seen it; that the lawyer, who was then in partnership with another, had diligently searched for it among his papers, and could not find it; that during the partnership he was often absent, and the mortgage might have been taken out in his absence by some one, but if so, he did not know it; that upon the dissolution of the firm, all the papers of the firm were turned over to him, and the mortgage was not among them—is sufficient showing to authorize the introduction of a duly certified copy from the records of the probate judge.

4. *Taking property from officer seized under process; when and by whom detinue suit available.*—A took from an officer, without his consent, property which had been seized, under process, in a suit against B, by a third person; B sued A in detinue for the property, and A justified under title conveyed by B's mortgage,—*held*, that B could not obtain redress in the detinue suit against A for A's taking from the officer; for such taking A was responsible to the officer, or the plaintiff in the suit under which the property was seized by the officer.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN K. HENRY.

This suit in detinue was brought by appellant, Jordan Dunning, against appellee, John Davis, junior, for two cows and calves, before a justice of the peace, and removed by *certiorari* to the Circuit Court. The defendant interposed the plea of *non detinet,* and a special plea, as follows : "That defendant was acting in the taking of the property as the agent of John A. Sherer and Mrs. M. J. Posey, each of whom had mortgages past due, and that when he exhibited the mortgage, or instrument, the bailiff who had the property delivered up the same to defendant; that the said mortgage was past due and unpaid at the time the property was taken, and that the property taken was, at the time of taking, the same as that described in the mortgage to Mrs. M. J. Posey, and the mortgage to John A. Sherer." To this the plaintiff demurred, on the following grounds: "*First,* said plea is not a sufficient answer in law to the complaint; *second,* said plea does not aver that defendant was acting as the agent of Mrs. M. J. Posey and John A. Sherer at the time of the commencement of this action against him." The demurrer was overruled and the plaintiff excepted. The evidence as to the second point decided is set out in the opinion. As to the third point, the defendant introduced one John Gamble,

an attorney, who testified that the mortgage referred to was left in his hands in the fall of 1873; that he had searched diligently among all his papers and could not find it; that he was in partnership with one J. Powell; that he was frequently absent from the office, and he "could not say that the paper had not been withdrawn from their custody by some one in his absence, but that if it was he knew nothing of it," and that when the firm dissolved, Gamble took all the papers, and it was not among them. Other evidence was introduced, corroborative of the fact that diligent search had been made for the mortgage, and it could not be found.. Upon this showing, the defendant offered in evidence the record of probate of said mortgage; to which plaintiff objected on the ground that the loss of the original was not sufficiently proven; but the court overruled the objection, the plaintiff excepted, and the record was introduced.

By consent, an affidavit of one R. J. A. Stringer was introduced as evidence, the court excluding the following portion upon objection of defendant, to which ruling the plaintiff excepted: "R. J. A. Stringer being sworn, states that he held a mortgage against Jordan Denning for one bale of cotton, weighing six hundred pounds, to secure the payment of sixty dollars in said mortgage, in which mortgage was included the stock sued for in this case. Jordan Denning came to me about the fall of 1873, and told me that the cotton was ready for delivery, and I went myself and hauled the cotton to the gin. John Davis came to the gin after this, and ordered N. R. Daniel to stop ginning the cotton,. at which time about one half had been ginned. Davis claimed the cotton as rent. I then proposed to John Davis to let T. F. Daniel take the cotton to town and sell it, and pay me my money, and I would transfer my mortgage to him,. which he agreed to, and after the cotton was sold, F. F. Daniel paid me the money, and I transferred my mortgage to John Davis, and I saw F. F. Daniel pay the balance of the money to John Davis. After this, John[Davis received another bale of cotton from Jordan Denning, which weighed four hundred pounds."

The plaintiff, by consent, introduced the affidavit of one William Johnson, about the Stringer mortgage and some cotton to be paid over to Ashby Stringer. A portion of such evidence was excluded on the objection of defendant, and plaintiff excepted.

The court charged the jury at length upon the legal effect of the record of the mortgage, to which the plaintiff excepted,.

[Denning v. Davis.]

and the same as to other matters concerning the mortgage. The plaintiff then asked several charges, which the court refused, and plaintiff excepted.

The aforesaid rulings of the court against the appellant are now assigned as error.

J. M. WHITEHEAD, for appellant.

GAMBLE & BOLLING, contra.

MANNING, J.—1. This was a suit in the nature of an action of detinue, without bond, commenced before a justice of the peace for two cows and calves and some hogs, and removed by *certiorari* into the Circuit Court of Crenshaw county. The record consists almost entirely of a bill of exceptions and the judgment entry from the minutes.

To the complaint there was a plea of *non detinet*, and a special plea that defendant took the property as agent for another person who was entitled to it by virtue of a mortgage thereof, after the law-day of the mortgage. It is unnecessary to consider whether the demurrer to the second plea was rightfully overruled or not; because the bill of exceptions sets forth all the evidence that was submitted to the jury, and shows that the special plea was wholly unnecessary, all the defense made being authorized and the rights of the parties according to the evidence, being determinable under the plea of the general issue. For, under the mortgage referred to, the defense was that the plaintiff had thereby conveyed the title to the property in controversy out of himself to one whose agent defendant was in taking possession of it, and that it was not, therefore, unlawfully detained from plaintiff.

2. Mrs. M. J. Posey, the mortgagee, having, in the course of her testimony, explained that the mortgage was made to secure payment for a horse she had sold to plaintiff to enable him to make a crop, and that she had furnished him with guano also for the same purpose, unnecessarily mentioned that she had purchased the guano from one Henry, to whom she had executed a mortgage for the price. No property was mentioned as mortgaged thereby; and this testimony was not objected to as irrelevant. It was moved only that the court should exclude "the evidence that related to *the mortgage* made . . . for guano, on the ground that its loss or destruction had not been proved or its absence otherwise accounted for." As this mortgage in no way affected the

(39)

[Denning v. Davis.]

respective rights of the parties to this suit, and mere mention was made of it as an incident in a collateral transaction, which was not objected to as irrelevant, we think there was no error in the refusal to exclude the evidence upon the objection specially made to it.

3. The evidence of the loss of the mortgage made by plaintiff to Mrs. Posey, was sufficient to justify the introduction of the copy of it from the books in which it was recorded in the office of the Probate Court of Crenshaw county.

4. That part of the affidavit of Stringer, which was ruled out by the judge at the trial, was irrelevant to the question at issue in this cause, and there was no error in excluding it. The same is true in respect to that portion of the testimony of William Johnson, which was ruled out at the time of the trial. It was not relevant, and could tend only to confuse the matter which the jury had to try.

5. Having examined the charges given by the court to the jury, and excepted to on behalf of appellant, we do not find in them any material error. The mortgage expressly declares, that "it is hereby understood and agreed that this obligation is made to secure a lien *on my stock of every kind,*" and does not limit it to stock furnished as an advance by the mortgagee, or bought with money advanced by her, as contended by appellant's counsel.

6. If defendant below took the property in controversy out of the hands of an officer who had taken it, under process of law from the appellant, Deming, for another person as plaintiff against him, without the consent of the officer, for this misconduct, defendant would be responsible to the officer or such other person. Redress therefor could not be obtained in this action, and the Circuit Court consequently did not err in refusing to give the first and second charges asked for on behalf of appellant.

Nor was there any error in refusing the other charges asked for on behalf of plaintiff below.

Let the judgment of the Circuit Court be affirmed.